# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-666-FDW-DCK

| | |
|---|---|
| TARYN MILLER, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **ORDER** |
| | ) |
| UNION COUNTY PUBLIC SCHOOLS; and JANICE BURNS, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Amend" (Document No. 15) filed February 3, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and order that the pending motions to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend; therefore, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint. Furthermore, the undersigned will direct that the "Union County Board Of Education's Motion To Dismiss" (Document No. 7) and "Defendant Janice Burns' Motion To Dismiss" (Document No. 9) be denied as moot. This dismissal is without prejudice to Defendants filing motion(s) to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."));  Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008);  and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend" (Document No. 15) is **GRANTED**. [1]

**IT IS FURTHER ORDERED that** the "Union County Board Of Education's Motion To Dismiss" (Document No. 7) and "Defendant Janice Burns' Motion To Dismiss" (Document No. 9) are **DENIED AS MOOT**.

**SO ORDERED**.

Signed: February 6, 2017

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that:  "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."