# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-666-FDW-DCK

| | |
|---|---|
| **TARYN MILLER,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **UNION COUNTY BOARD OF EDUCATION** and **JANICE BURNS,** | ) |
| **Defendants.** | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Quash Subpoena" (Document No. 37) filed by the Union County Sheriff's Office on February 6, 2018, and Defendants' "Response To Motion To Quash Subpoena And Motion To Compel Appearance At Deposition And Production Of Records By Deputy Sheriff A.J. Wallace" (Document No. 42).[1] These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, applicable authority, and a proposed order submitted by the parties, the undersigned will <u>deny</u> the motions as moot, but issue instructions recently agreed to by all parties and the Union County Sheriff's Office.

On February 5, 2018, Defendants served a subpoena *duces tecum* on Officer A.J. Wallace commanding that he appear at a deposition on February 22, 2018, and produce or permit inspection of documents pertaining to reports of records related to this case. On February 6, 2018, counsel for the Union County Sheriff's Office filed a motion to quash the subpoena. (Document No. 37).

---

[1] Counsel are respectfully advised that motions are not to be included in responsive briefs. <u>See</u> Local Rule 7.1(c)(2).

On February 6, 2018, counsel for the Union County Sheriff's Office filed a motion to quash the subpoena. Counsel for the Sheriff's Office asserted the subpoena should be quashed because the information sought by Defendants is protected by N.C. General Statute § 7B-3100(b) and may reveal the identity of an alleged victim. (Document No. 37). The parties contend that even if the information sought were to reveal the identity of the alleged offender, the parties' need for critical information from Officer Wallace, and the admittedly sensitive nature of the information, is best balanced by extending the standing "Protective Order" in this matter to information provided pursuant to Defendants' subpoena of Officer Wallace.

This Court has authority to order the Sheriff's Office to produce the records sought through the subpoena pursuant to Rule 34(c), and N.C. Gen. Stat. § 132-1.4(a). Moreover, it appears to the Court that Officer Wallace has relevant information related to this lawsuit and that his deposition testimony is necessary to obtain facts regarding the allegations in Plaintiff's Amended Complaint.

**IT IS, THEREFORE, ORDERED** that the "Motion to Quash Subpoena" (Document No. 37) and Defendants' "Response To Motion To Quash Subpoena And Motion To Compel Appearance At Deposition And Production Of Records By Deputy Sheriff A.J.Wallace" (Document No. 42) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Union County Deputy Sheriff A.J. Wallace shall appear at a deposition scheduled for **February 22, 2018**, and shall produce documents in his possession that are relevant to this case at that time. Testimony and records produced by Officer Wallace will be handled by the parties in accordance with the terms of the "Protective Order" (Document No. 35), agreed to by the parties on October 10, 2017.

**SO ORDERED**.

Signed: February 16, 2018

David C. Keesler
United States Magistrate Judge